IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**KENNETH JAMES PATTON**                                            **PLAINTIFF**

**v.**                                                    **No. 1:06CV4-P-A**

**CLAY COUNTY JAIL, ET AL.**                                        **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the January 6, 2006, *pro se* complaint of Kenneth James Patton, challenging the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed the instant suit. The plaintiff complains that paint fumes in the Clay County Jail caused him to have headaches and to vomit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted, counting as a "strike" under 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g).

### Discussion

The court has already dismissed these allegations for failure to state a claim upon which relief could be granted in a previous case – *Patton v. Huffman*, 1:05CV265-P-A. As such, the claims are barred by the doctrine of *res judicata*. *Res judicata* means "a thing decided;" under the doctrine a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876), *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events *by asserting additional facts* or proceeding under a different legal theory; the doctrine prevents "litigation of all grounds for,

or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were or could have been raised in prior actions). In the Fifth Circuit *res judicata* bars a claim if: (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994). Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts. *Id.*

In his previous suit, the plaintiff brought claims regarding welding, painting, and construction in the Clay County Jail in March and August 2005. In the present case the plaintiff alleges claims regarding welding, painting, and construction in the Clay County Jail in March and August 2005. The doctrine of *res judicata* bars the plaintiff from relitigating any claims arising out of painting the Clay County Jail and suits arising out of those events as to any parties he actually sued – or could have sued – regarding those events. Therefore, under the doctrine of claim preclusion, the plaintiff's claims against all defendants must be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 12th day of January, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE